United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BRISTLECONE, INC.,<br>Plaintiff,<br>v.<br>SMITH & NEPHEW, INC.,<br>Defendant. | Case No. 5:17-cv-00640-HRL<br><br>**ORDER DENYING MOTION TO TRANSFER**<br>Re: Dkt. No. 20 |

In this diversity action, plaintiff Bristlecone, Inc. (Bristlecone) sues to recover money it claims is owed by defendant Smith & Nephew, Inc. (Smith & Nephew) for services performed pursuant to the parties' "Master Consulting/Professional Services Agreement" (Master Agreement). According to the complaint, Smith & Nephew (a medical and technology products company) engaged Bristlecone (a supply chain and analytics solutions company) to perform services to implement a global procurement project. Bristlecone claims that throughout the course of its engagement, defendant repeatedly modified the scope of services and revised agreed-upon deadlines without executing requisite change orders. Plaintiff says it nevertheless successfully performed its obligations, only to have Smith & Nephew unilaterally terminate the contract. Although Bristlecone acknowledges that defendant had the right to terminate the contract with or without cause, plaintiff believes that defendant's termination for Bristlecone's purported non-

performance was simply a subterfuge to mask Smith & Nephew's own failures under the contract and to hide the dislike that new Smith & Nephew personnel (i.e., those hired after the Master Agreement was executed) harbored for Bristlecone staff assigned to the project. Further, the complaint alleges that Smith & Nephew made false representations about its ability to perform its contractual obligations.

As a result of defendant's termination of the contract, Bristlecone contends that the contract payment terms were transformed from a fixed fee to a "time and materials" basis. Plaintiff says that it has provided defendant with details of the time and materials expended on the project, but Smith & Nephew refuses to pay. Bristlecone's complaint asserts claims for breach of contract and negligent misrepresentation.

For its part, Smith & Nephew contends that Bristlecone failed and refused to meet deadlines and milestones required under the Master Agreement and various Statements of Work entered into pursuant to the contract. As a result of Bristlecone's (alleged) non-performance, defendant says that it incurred damages, delay, and hardship in dealing with Bristlecone's engagement and in efforts to secure a successor implementation partner. Smith & Nephew asserts counterclaims for breach of contract, negligent misrepresentation, and for an offset of any damages that Bristlecone might be awarded.

Smith & Nephew points out that the Master Agreement contains a forum selection clause that provides:

> **Governing Law**. This Agreement is deemed to be made under and shall be governed and construed according to the laws of the Commonwealth of Massachusetts, and the parties submit to the jurisdiction of any appropriate court within Massachusetts for adjudication of disputes arising from this Agreement.

(Dkt. 1-1, Complaint, Ex. A, Master Agreement ¶ 20). Pursuant to 28 U.S.C. § 1404(a), defendant now moves to transfer this case to the United States District Court for the District of Massachusetts, arguing that the forum selection clause requires this action to be litigated there. Bristlecone opposes the motion, contending that the forum selection clause merely permits suit to be brought in Massachusetts, but does not mandate it. Upon consideration of the moving and

responding papers, the court denies the motion.[1]

## DISCUSSION

### A. Whether the forum selection clause is mandatory or permissive

The key dispute is whether the forum selection clause in question is permissive or mandatory---or whether that distinction even remains relevant following the U.S. Supreme Court's decision in Atlantic Marine Construction Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas, --- U.S. ---, 134 S. Ct. 568, 187 L.Ed.2d 487 (2013). A permissive clause allows suit to be brought in a particular forum, but does not preclude litigation elsewhere. A mandatory clause, by contrast, "clearly require[s] *exclusive* jurisdiction." Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).

As previewed above, Bristlecone argues that the forum selection clause is permissive and that the traditional *forum non conveniens* analysis applies. Under that analytical framework, courts must evaluate both the convenience of the parties (i.e., private interest factors), as well as various public interest factors. Atlantic Marine, 134 S. Ct. at 581. Smith & Nephew, on the other hand, argues that Atlantic Marine set a new standard for evaluating forum selection clauses, requiring only that clauses be valid to be enforceable. Under Atlantic Marine, the presence of a valid forum selection clause changes the traditional *forum non conveniens* analysis in three ways: (1) the plaintiff's choice of forum merits no weight; (2) the court does not consider the parties' private interests and deems those factors to weigh entirely in favor of the preselected forum; and (3) the agreed-upon forum need not apply the law of the court where the suit was filed. Id. at 581-82. Emphasizing Atlantic Marine's directive that a valid "clause [should be] given controlling weight in all but the most exceptional cases," id. at 581, Smith & Nephew argues that an inquiry whether the subject clause is permissive or mandatory is not only obsolete and unnecessary, but also irrelevant.

On this point, Smith & Nephew fails to convince. Atlantic Marine reasoned that enforcing valid, bargained-for forum selection clauses not only promotes the interests of justice, but also

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

"protects [parties'] legitimate expectations." Id. at 581. The Court further cautioned that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations." Id. at 583. In negotiating agreements, parties remain free to bargain for what may be (or alternatively, what must be) the proper forum for litigation. Determining whether a bargained-for clause is permissive or mandatory therefore is entirely in keeping with Atlantic Marine's instruction to protect parties' "settled expectations."

Moreover, Atlantic Marine indisputably dealt with a mandatory forum selection clause, and the Supreme Court did not address the distinction between permissive or mandatory clauses. The parties have not cited, and this court has not found, Ninth Circuit authority addressing the issue. Nevertheless, it appears that many courts have concluded that the modified Atlantic Marine *forum non conveniens* analysis applies only to mandatory clauses. See, e.g., GDG Acquisitions, LLC v. Government of Belize, 749 F.3d 1024 (11th Cir. 2014) (remanding action, in view of Atlantic Marine, for a determination whether the parties' contract contained a mandatory forum selection clause); RELCO Locomotive, Inc. v. AllRail, Inc., 4 F. Supp.3d 1073, 1085 (S.D. Iowa 2014) (holding that Atlantic Marine "contemplated only mandatory forum-selection clauses when assessing their effect on *forum non conveniens* analysis."); Cream v. Northern Leasing Sys., Inc., No. 15-cv-01208-MEJ, 2015 WL 4606463 at *4 n.2 (N.D. Cal., July 31, 2015) (noting that while Atlantic Marine did not address the permissive versus mandatory distinction, "district courts across the country have generally limited the Atlantic Marine framework to situations where the forum selection clause is mandatory.") (citing cases)).

Turning to the particular clause at issue here, this court finds that it is permissive. Despite the Master Agreement's choice-of-law provision selecting Massachusetts law, courts must apply federal law in interpreting forum selection clauses. Doe 1 v. AOL LLC, 552 F.3d 1077, 1081 (9th Cir. 2009) (citing Manetti-Farrow, Inc. v. Gucci America, Inc., 858 F.2d 509, 513 (9th Cir. 1988)). And, when interpreting a contract under federal law, courts "look for guidance 'to general principles for interpreting contracts.'" Id. (quoting Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir.1999)). "'Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained

4

from the contract itself. Whenever possible, the plain language of the contract should be considered first.'" Id. (quoting Klamath Water Users Protective Ass'n, 204 F.3d at 1210). "A primary rule of interpretation is that '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it.'" Hunt Wesson Foods, Inc., 817 F.2d at 77 (quoting 4 S. Williston, A Treatise on the Law of Contracts § 618 (W. Jaeger 3d ed. 1961)). Additionally, the court "read[s] a written contract as a whole, and interpret[s] each part with reference to the whole." Doe 1, 552 F.3d at 1081 (quoting Klamath Water Users Protective Ass'n, 204 F.3d at 1210). "That the parties dispute a contract's meaning does not render the contract ambiguous; a contract is ambiguous 'if reasonable people could find its terms susceptible to more than one interpretation.'" Id. (quoting Klamath Water Users Protective Ass'n, 204 F.3d at 1210).

To recap, the pertinent language from the Master Agreement's forum selection clause states: "the parties submit to the jurisdiction of any appropriate court within Massachusetts for adjudication of disputes arising from this Agreement." (Dkt. 1-1, Complaint, Ex. A, Master Agreement ¶ 20). Generally, clauses that simply signify agreement to jurisdiction in a particular forum are deemed permissive. So, for example, the forum selection clause at issue in Hunt Wesson Foods, Inc. provided: "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." 817 F.2d at 76. The Ninth Circuit concluded that the clause was permissive because it did not indicate that the Orange County courts were the exclusive forum; rather, the clause simply demonstrated that those courts have jurisdiction. Id. at 77; see also Financial Casualty & Surety, Inc. v. Parker, No. H-14-0360, 2014 WL 2515136 at *2 (S.D. Tex., June 4, 2014) (observing that a clause providing that "the parties submit to the jurisdiction of the courts of New York" is permissive because it does not mandate that New York be the exclusive forum for litigating disputes).

By contrast, in Taylor v. Goodwin & Assocs. Hospitality Servs., LLC, the district court interpreted a clause requiring the parties to take action within a particular forum's jurisdiction to be mandatory. No. C14-5098 KLS, 2014 WL 3965012 (W.D. Wa., Aug. 13, 2014). There, the

5

pertinent language provided: "the parties shall perform all respective actions under the jurisdiction of the state of New Hampshire." Id. at *1. The court concluded that this language was mandatory because it did more than say that New Hampshire has jurisdiction. "Instead, through the use of the word 'shall' it obligates or mandates the parties to perform all of their actions under the jurisdiction of the state of New Hampshire." Id. at *3.

Here, Smith & Nephew argues that, like the clause in Taylor, the forum selection clause at issue here is mandatory because (1) the dictionary definition of "submit" means that the parties "yield to governance or authority" of any appropriate court in Massachusetts; and (2) the clause identifies the specific purpose for which the parties are yielding, i.e., "adjudication of disputes arising from this Agreement." Unlike the language in Taylor, however, nothing in the Master Agreement's forum selection clause suggests that the parties shall or must submit to jurisdiction in Massachusetts for adjudication. Rather, like the clause in Hunt Wesson Foods, Inc., the forum selection clause simply indicates that the parties agree to jurisdiction there.

Moreover, construing the forum selection clause as permissive is consistent with other provisions of the contract. The Master Agreement contains a "Dispute Resolution" provision that requires the parties to engage in good faith negotiations---through meetings, and then mediation---to "resolve any controversy or claim arising out of or relating to this Agreement . . .." (Dkt. 1, Complaint Ex. A, Master Agreement ¶ 24). If mediation fails to resolve the matter, then the contract provides that "either party shall have the right to pursue any and all legal remedies available to it *in any court of competent jurisdiction*." (Id.) (emphasis added). That language plainly indicates that Massachusetts is not the exclusive forum for adjudicating disputes arising out of the contract.

Accordingly, the court concludes that the subject forum selection clause is permissive and that traditional *forum non conveniens* analysis applies.

### B. Whether this case should be transferred to Massachusetts

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interests of justice. Thus, transfer pursuant to § 1404(a) is appropriate where (1) the transferee

6

court is one where the action might have been brought; and (2) the convenience of the parties and witnesses and the interest of justice favor transfer. 28 U.S.C. § 1404(a); Boston Telecommunications Group, Inc. v. Wood, 588 F.3d 1201, 1206 (9th Cir. 2009). Smith & Nephew must make "a clear showing of facts which establish such oppression and vexation of a defendant as to be out of proportion to plaintiff's convenience, which may be shown to be slight or nonexistent." Boston Telecommunications, 588 F.3d at 1206 (quoting Dole Foods Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002)).

There is no dispute that Bristlecone could have filed this suit in Massachusetts. So, the decision whether to transfer this case there depends on the balance of relevant private and public interest factors. "In weighing the relevant private and public interest factors, '[o]rdinarily, a plaintiff's choice of forum will not be disturbed unless the 'private interest' and the 'public interest' factors strongly favor trial in [another forum]." Id. (quoting Lueck v. Sundstrand Corp., 236 F.3d 1137, 1145 (9th Cir.2001)).

### 1. Private Interest Factors

The private factors to be considered are:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

Boston Telecommunications, 588 F.3d at 1206-07 (quoting Lueck, 236 F.3d at 1145).

#### a. Residence of Parties and Witnesses

Neither party is a citizen of Massachusetts. Bristlecone is a California corporation with its principal place of business in San Jose, California. (Dkt. 1, Complaint ¶ 6). Smith & Nephew is a Delaware corporation with its principal place of business in Tennessee. (Id. ¶ 7; Dkt. 13, Answer ¶ 7).

Nevertheless, defendant points out that, as part of the procurement project, Bristlecone met with Smith & Nephew's information technology (IT) group in Massachusetts to discuss the needs and scope of the project. (Dkt. 20-1, Sullivan Decl., ¶ 5). Further, Smith & Nephew says that its

7

primary IT team is largely located in Massachusetts; Bristlecone physically performed services in Massachusetts and Tennessee; and Bristlecone's personnel also participated in a number of workshops in Massachusetts from December 2014 through September 2016. (Id. ¶¶ 5-6). Bristlecone does not dispute those assertions. But, it says that all of its material witnesses are located here in San Jose and that at least some of the contract work was performed in California. (Dkt. 27, Opp. at ECF p. 17).

Bristlecone does not provide specifics as to the work that was performed here, making its assertions as to the California connection of the parties and witnesses somewhat difficult to assess. On the whole, however, it appears that even though neither party resides in Massachusetts, there are relevant events and witnesses located both here and in Massachusetts. This factor is neutral and does not favor either forum.

### b. California's convenience to the litigants/Costs of bringing witnesses to trial

Smith & Nephew offers no argument as to the convenience (or not) of California as a forum for litigation. As discussed above, Bristlecone is located here and says that all of its material witnesses are here. Even so, plaintiff acknowledges that this factor is neutral because both sides would incur expenses in producing its witnesses either in California or in Massachusetts. This factor does not favor either forum.

### c. Access to physical evidence and other sources of proof

Smith & Nephew does not offer any specific argument as to this factor, although as discussed above, the arguments it has made indicate that its evidence and records are located in Massachusetts (and in Tennessee). Bristlecone says that it has records and evidence here, including defendant's contract termination letter. But, it acknowledges that technological advancements diminish the importance of this factor and that this factor is neutral. This factor does not favor either forum.

### d. Whether unwilling witnesses can be compelled to testify

No one asserts that there are witnesses who could not be compelled to testify, whether this litigation proceeds here or in Massachusetts. This factor therefore does not favor either forum.

8

#### e. The enforceability of the judgment

Smith & Nephew does not argue that this factor favors Massachusetts. And, Bristlecone plausibly asserts that any judgment entered by this court in Smith & Nephew's favor may be more easily enforced here, where Bristlecone is based. This factor weighs against transfer.

#### f. All other practical problems that make trial of a case easy, expeditious and inexpensive

Neither side identifies any issues here.

On balance, then, all of the private interest factors are either neutral or weigh against transfer.

### 2. Public Interest Factors

There are five public interest factors to be considered: "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." Boston Telecommunications, 588 F.3d at 1211 (citation omitted).

#### a. Local interest in the lawsuit

For this factor, the court "ask[s] only if there is an identifiable local interest in the controversy, not whether another forum also has an interest." Boston Telecommunications, 588 F.3d at 1211. Bristlecone plausibly asserts that California has an interest in protecting the contractual rights and expectations of its citizens. Smith & Nephew argues that Bristlecone has not identified a California policy or statute that is strong enough to overcome the presumptions of Atlantic Marine with respect to the validity and enforceability of forum selection clauses. As discussed above, however, this court agrees with those that have declined to apply Atlantic Marine to permissive forum selection clauses. This factor weighs against transfer.

#### b. Court's familiarity with governing law

The Master Agreement requires the application of Massachusetts law, and Massachusetts courts undoubtedly are more familiar with that law. Nevertheless, "this factor alone is not sufficient to warrant dismissal when a balancing of all relevant factors shows that the plaintiff's chosen forum is appropriate." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 260 n.29 (1981).

9

### c. Burden on local courts and juries

Neither side has made any showing here. This factor is neutral.

### d. Court congestion

Neither side has made any showing here. This factor is neutral.

### e. Costs of resolving a dispute unrelated to a particular forum

As discussed above, there are relevant matters pertaining to both California and Massachusetts. And, in any event, neither side has made any showing here. This factor is neutral.

So, as with the private interest factors, on the record presented, the public interest factors either favor California or are neutral. On balance, having weighed competing legitimate interests and possible prejudice, this court concludes that Smith & Nephew's motion for transfer should be denied.

## ORDER

Based on the foregoing, defendant's motion to transfer this case to Massachusetts is denied.

SO ORDERED.

Dated: June 20, 2017

HOWARD R. LLOYD
United States Magistrate Judge

5:17-cv-00640-HRL Notice has been electronically mailed to:

Andrew A. August     aaugust@bgrfirm.com, ccoopey@bgrfirm.com, mbelle@bgrfirm.com, pcrosby@bgrfirm.com, wschofield@bgrfirm.com

John W. Shaw     jshaw@sksattorneys.com, cac@caclegal.com, cac@sksattorneys.com, mnixon@sksattorneys.com

Peter James Crosby , IV     pcrosby@bgrfirm.com, ccoopey@bgrfirm.com

11